UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
VLADIMIR JEANTY,

                          Plaintiff,

               -against-

NASSAU COUNTY, SGT. MICHAEL S.
MAGUIRE, POLICE OFFICER RAYMOND
PESCATORE, Police Officers JOHN/JANE
DOES 1 through 5, NORTHWELL HEALTH
SYSTEMS, KAREN CAPUSAN, *Nurse
Practitioner, individually and in her official
capacity for Northwell Health*, KAREN 'DOE,'
*Office Manager, individually and in her official
capacity for Northwell Health Systems*, JOHN
DOE, *Security Guard, individually and in his
official capacity for Northwell Health Systems*,
and UNA SANDERS,

                        Defendants.
----------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-05062 (OEM) (JAM)

ORELIA E. MERCHANT, United States District Judge:

Pending before the Court is the October 22, 2025, Report and Recommendation by Magistrate Judge Joseph A. Marutollo regarding Karen Capusan ("Capusan") and Northwell Health Inc.'s ("Northwell Health") motion to dismiss *pro se* plaintiff Vladimir Jeanty's ("Plaintiff") claims against them. *See generally* Report and Recommendation, Dkt. 37 (the "R&R"); Memorandum of Law in Support of Hospital Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 29 (the "Motion" or "Mot."). Specifically, the R&R recommends that the Court grant Capusan and Northwell Health's (collectively, the "Hospital Defendants") Motion with prejudice, except for Plaintiff's *respondeat superior* claim against Northwell Health, and deny Plaintiff leave to amend.

1

The Hospital Defendants and Plaintiff timely filed objections to the R&R. *See generally* Northwell Health's Limited Objections to the October 22, 2025 Report and Recommendation of Magistrate Joseph A Marutollo, Dkt. 39 ("Defs.' Objections"); Plaintiff's Objections to the October 22, 2025 Report & Recommendation (Dkt. 37), Dkt. 40 ("Pl.'s Objections."). Both parties filed a response to each other's objections. *See* Northwell Health's Response to Plaintiff's Objections to the October 22, 2025 Report and Recommendation of Magistrate Joseph A. Marutollo, Dkt. 42 ("Defs.' Response"); Plaintiff's Memorandum of Law Opposing (1) Northwell/Capusan's Objections to the R&R and (2) Northwell's Opposition to Plaintiff's Objections (Doc. 39 and 42), Dkt. 45 ("Pl.'s Response").

For the following reasons, the parties' objections are overruled, and the R&R is adopted. Hospital Defendants' Motion is granted in part and denied in part, dismissing with prejudice all claims against Hospital Defendants, except Plaintiff's *respondent superior* claim against Northwell Health.

**BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural history of this case as set forth in the R&R. *See* R&R at 2-9. Thus, the Court only briefly summarizes those allegations necessary to resolve the objections to the R&R.

Plaintiff alleges that on July 26, 2023, he visited the Pediatric Pulmonary Clinic and Northwell Health Labs in New Hyde Park, New York, to participate in a scheduled medical appointment for NAJ, a child he shares with Defendant Una Sanders ("Sanders"). First Amended Complaint, Dkt. 25 (the "First Amended Complaint" or "FAC") ¶¶ 2, 8, 16-17. Plaintiff alleges that upon arrival, he informed Defendant Karen Doe ("Karen Doe"), an alleged office manager for Northwell Health, that there was a temporary restraining order requiring Sanders to "stay away"

2

from him. *Id.* ¶¶ 21-23. Plaintiff alleges that, instead, Karen Doe and Sanders "came to an agreement to call the security and police to enforce the order of protection against [Plaintiff] and have [Plaintiff] leave [and] not participate in NAJ's examination." *Id.* ¶ 26. Plaintiff claims that all Defendants—Nassau County; Nassau County Police Sergeant Michael S. Maguire; Nassau County Police Officer Raymond Pescatore; Nassau County Police Officers John/Jane Doe 1-5; Northwell Health, Capusan, Karen Doe, Security Guard John Doe, and Sanders (collectively, "Defendants")—acted "in concert" with one another; that he was "arrested for no reason"; "detained against his will for approximately 2 hours"; "excluded from NAJ's examination and test for no reason"; and "pat frisked against his will and for no reason." *Id.* ¶¶ 3-12, 65-69.

In the R&R, the Court liberally construes Plaintiff as asserting the following claims against Defendants: (1) false arrest and prolonged detention in violation of New York state law and the Fourth and Fourteenth Amendments against Sergeant Michael S. Maguire, Nassau County Police Officer Raymond Pescatore, Nassau County Police Officers John/Jane Doe 1-5 (collectively, the "Police Officer Defendants"), Karen Doe, Security Guard John Doe, Capusan, and Sanders, *id.* ¶¶ 77-85; (2) unlawful search and seizure under the Fourth and Fourteenth Amendments against Officers John Doe One and Two, *id.* ¶¶ 86-91; (3) assault and battery, trespass, violation of his privacy rights, and violation of rights otherwise arising under the New York State Constitution, against all Defendants, *id.* ¶¶ 92-94; (4) interference with familial rights, interference with intimate association, and intentional interference with custodial and parental rights against Police Officer Defendants, Karen Doe, and Capusan, *id.* ¶¶ 95-102; and (5) *respondeat superior* liability against Nassau County and Northwell Health under New York common law, *id.* ¶¶ 103-109. Plaintiff seeks compensatory and punitive damages, as well as costs. *Id.* at 16-17. Relevant to the pending

3

Motion are only those claims asserted against Hospital Defendants, in other words, Plaintiff's first, third, fourth, and fifth claims.

On October 22, 2025, Magistrate Judge Marutollo issued the R&R, setting forth a comprehensive summary of the claims in the First Amended Complaint, the procedural history, and the parties' arguments on the Hospital Defendants' Motion. *See generally* R&R. In sum, the R&R recommends granting the Motion in part and denying it in part. *Id*.

On October 31, 2025, the Hospital Defendants objected to the R&R to the extent that it recommends that the Court deny the Motion as to Plaintiff's claim for *respondeat superior*. *See generally* Defs.' Objections.

On November 5, 2025, Plaintiff objected to the R&R to the extent that it recommends that the state law and Section 1983 claims against Northwell Health be dismissed, that the familial association claim as to the Hospital Defendants be dismissed, and that leave to amend would be futile. *See generally* Pl.'s Objections. Plaintiff also requested clarification on the R&R's disposition as to *respondeat superior*. *See id.* at 3-4.

On November 11, 2025, Hospital Defendants responded to Plaintiff's objections. *See* Defs.' Response. On November 12, 2025, Plaintiff responded to Hospital Defendants' objections. *See* Pl.'s Response.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). To accept those portions of an R&R to which no

4

timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see Colvin v. Berryhill,* 734 F. App'x 756, 758 (2d Cir. 2018).

"[O]bjections to a report and recommendation 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Kosmidis v. Port Auth. of New York & New Jersey*, 18-cv-08413 (AJN), 2020 WL 7022479, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); *see also Molefe*, 602 F. Supp. 2d at 487 ("The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings."). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are therefore considered "proper" for the Court's de novo consideration. FED. R. CIV. P. 72(b)(2). "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, 09-cv-00272 (SJF) (AKT), 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (quotation marks omitted); *see also Molefe*, 602 F. Supp. 2d at 487.

## DISCUSSION

### A. Plaintiff's Objections

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"). *See* FAC ¶ 1. Section 1983 provides liability against state and local actors for deprivation under the color of state law "of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Therefore, Plaintiff must plausibly allege that his constitutional rights, privileges, or immunities have been deprived "under color of state law." *See Powell v. Workmen's Comp. Bd. of State of N.Y.*, 327 F.2d 131, 135 (2d Cir. 1964).

Plaintiff objects to the R&R's recommendation that his first cause of action for federal and state law claims for violation of his fourth and fourteenth amendment rights, false arrest, and prolonged detention be dismissed. Next, Plaintiff objects to the recommendation that his fourth cause of action for violation of intimate association be dismissed. Plaintiff also requests clarification on the disposition of his *respondeat superior* claim. *See generally* Pl.'s Objections. The Court takes each objection in turns.

### 1. State and Federal Law Claim for First and Fourteenth Amendment Violations and False Arrest

As to Plaintiff's first cause of action, the R&R recommends that Plaintiff failed to plausibly allege that Hospital Defendants are state actors for the purpose of Section 1983 or that he suffered injury at the hand of Hospital Defendants acting under color of state law. R&R at 12-18. The R&R further recommends that Plaintiff failed to plead a plausible false arrest claim against the Hospital Defendants under New York law or the Fourth or Fourteenth Amendment. *Id.* at 18-21. Accordingly, the R&R recommends that Plaintiff's Section 1983 and false arrest claims under New York law and Section 1983 be dismissed as to Hospital Defendants. *Id.* at 18, 21.

Plaintiff challenges the R&R's recommend dismissal of his false arrest claim on the ground that the R&R applied the Section 1983 joint-action framework and state-law procurement framework "too narrowly." Pl.'s Objections at 2. More specifically, Plaintiff argues that the First Amended Complaint plausibly alleges joint action and procurement between the state and Sanders, Karen Doe, Security Guard John Doe, and "hospital personnel". *Id.*

His first cause of action asserts "state law and federal law Fourth and Fourteenth Amendment false arrest and prolonged detention against Defendants Maguire, Pescatore, and PO's John Doe One through Four, PO Jane Doe One, Karen Doe, John Doe [Security Guard], [Capusan,] and Sanders[.]" FAC at 11. With respect to Capusan, who is the only defendant currently at issue

6

as to this objection,[1] the First Amended Complaint alleges that "Defendants Maguire, Karen Doe, PO Jane Doe, [Capusan] and Sanders came to the agreement that NAJ would be examined by [Capusan] without [Plaintiff's] knowledge and presence" and "Defendants Maguire, Karen Doe, PO Jane Doe, [Capusan] and Sanders came to the agreement that, as NAJ was to be examined by [Capusan]; Defendants Pescatore and Defendants John/Jane Doe One through Four would detain [Plaintiff] in the waiting area so that [h]e could not participate in NAJ's examination by [Capusan]." *Id.* ¶ 58. On these facts, Plaintiff now argues that the First Amended Complaint alleges "intentional misrepresentation to police coupled with a plan to exclude [Plaintiff] [and] permit[s] the inference that hospital actors affirmatively induced police action and shared a meeting of the minds sufficient for joint action under § 1983 and procurement for state false imprisonment." Pl.'s Objections at 2.

The Court first addresses Plaintiff's argument that joint action is plausibly alleged. To state a claim under Section 1983, a plaintiff must plausibly allege that "(1) the conduct complained of [was] committed by a person acting under color of state law; and (2) . . . deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Savarese v. City of New York*, 547 F. Supp. 3d 305, 324 (S.D.N.Y. 2021) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Among other tests, a private actor may be considered to have acted under color of state law when he "is a willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau,* 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970)). "A charge of joint action amounts to alleging some agreement

---

[1] The Court notes that the R&R addressed whether Northwell Health was a private or state actor for the purposes of its Section 1983 analysis. *See* R&R at 15. Notwithstanding the fact that hospitals are "generally not proper § 1983 defendants because they do not act under the color of state law[,]" *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010), Plaintiff does name Northwell Health in his first cause of action and such analysis is not relevant here. Accordingly, the Court only addresses Plaintiff's first cause of action as it pertains to Capusan.

between private and public actors to violate plaintiff's constitutional rights." *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014). "Where . . . a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983." *Id.* (quoting *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999)).

Plaintiff's allegations that Capusan "came to the agreement" with Police Officer Jane Doe and Seargent Michael S. Maguire that NAJ would be examined separately, while Plaintiff would be "detained" in the waiting area, FAC ¶ 58, does not constitute "joint action." Plaintiff does not allege any facts that show that Capusan was a willful participant, provided significant encouragement, or was entwined with state policies or state action. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). Plaintiff does not allege how Capusan "shared a common unlawful goal" with the police to falsely arrest Plaintiff or otherwise deprive him of his rights. *See Lederman v. Benepe*, 12-CV-6028 (PGG), 2016 WL 11588628, at *3 (S.D.N.Y. Mar. 11, 2016). Rather, the facts show that Capusan agreed to examine NAJ separate from Plaintiff in the midst of an alleged dispute as to protective orders and childcare in a sensitive medical setting, not an intentional decision to deprive Plaintiff of his rights. Moreover, Capusan was in a separate room, examining NAJ, at the time of Plaintiff's alleged detention, such that she could not physically be "jointly engaged" in his alleged detention.

To the extent that Capusan provided any information to the police officers resulting in Plaintiff's alleged detention, such action also does not rise to the level of joint action. *See Betts*, 751 F.3d at 85. As a private citizen, Capusan is entitled to seek aid from or furnish information to law enforcement authorities without facing liability. *See Saverese,* 547 F.Supp.3d at (collecting

8

cases)*; see also* R&R at 16-17, 20-21.  Her alleged actions reflect no more than a legitimate request for assistance.

To the extent that Plaintiff also alleges a conspiracy, *see Betts,* 751 F.3d at 84 n.1 ("A Section 1983 conspiracy claim is distinct from one of joint action."), the alleged facts do not plausibly state such claim.  "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello*, 292 F.3d at 324 (quoting *Spear v. Town of W. Hartford,* 954, F.2d 63, 68 (2d Cir. 1992)).  "A merely conclusory allegation that a private entity acted in concert with a state actor" is insufficient. *Id.*  Simply put, Plaintiff has not plausibly alleged any actions between Capusan and the Police Officer Defendants that indicate that they worked together "in concert" for the same reasons that there is no allegation that Capusan acted as a "willful participant" in his detention.

Next, the Court addresses Plaintiff's objection to the recommendation that his New York false arrest claims be dismissed, stating that the *Lupski v. County of Nassau*, 822 N.Y.S.2d 112 (2d Dep't 2006), framework was applied "too narrowly."  Pl.'s Objections at 2.  The elements of a Section 1983 false arrest claim under the Fourth Amendment are "substantially the same" as the elements for false arrest under New York law. *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021); *Kaplan v. Cnty. of Orange*, 528 F. Supp. 3d 141, 173 n.9 (S.D.N.Y. 2021).  To bring such a claim under New York law, a defendant "must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition." *Lupski*, 822 N.Y.S.2d at 114.  That framework was not applied too narrowly.  Plaintiff fails to plausibly allege a false arrest claim against Capusan under New York law because Plaintiff does not allege that

9

Capusan affirmatively induced the police officers to act or that the Police Officer Defendants were not acting of their own volition.

For the foregoing reasons, the Court adopts the R&R's recommendation to grant Defendant's Motion on Plaintiff's first cause of action for Fourth and Fourteenth Amendment violations and Plaintiff's New York state law false arrest claim with respect to Capusan, and overrules Plaintiff's objection.

### 2. Claim for Violation of Right to Intimate Association

As to Plaintiff's fourth cause of action, the R&R liberally construes the claim as a violation of Plaintiff's right to intimate association by Capusan and concludes that Plaintiff failed to raise an inference that Capusan's actions constituted state action or that Capusan had a specific intent to disrupt Plaintiff's relationship with NAJ. R&R at 24-25. The R&R recommends that this claim be dismissed because Capusan's actions did not constitute state action and the First Amended Complaint does not allege that Capusan had a specific intent to disrupt Plaintiff's relationship or allege conduct so egregious and outrageous that it shocks the contemporary conscience. *Id.* at 26. Plaintiff objects to the R&R's recommendation, arguing that the First Amended Complaint alleged a purposeful plan to exclude him from his child's exam, which supports a reasonable inference of specific intent. Pl.'s Objections at 3.

In his fourth cause of action, Plaintiff alleges "interference with familial rights, interference with intimate association, and intentional interference with custodial/parental rights against Defendants Maguire, Pescatore and PO's John Doe One through Four, PO Jane Doe One, Karen Doe and [Capusan.]" FAC at 14.[2] Specifically, he asserts that the Police Officer Defendants read

---

[2] The Court only addresses this claim as it relates to Capusan because only the Hospital Defendants' Motion is currently at issue. Additionally, the Court notes that Plaintiff does not object to the R&R's interpretation of this cause of action as asserting a claim for violation of the right to intimate association. Finding no clear error in this

10

the order of protection, verified that it required Sanders to stay away from Plaintiff, were aware that Sanders was violating the order of protection, and nonetheless, "Defendants Maguire, Karen Doe, PO Jane Doe, [Capusan] and Sanders came to the agreement that NAJ would be examined by [Capusan] without [Plaintiff's] knowledge and presence" while Plaintiff would be detained in the waiting area.   FAC ¶¶ 54-58.   Further, he alleges that Capusan "performed multiple tests/examinations on NAJ including a Pulmonary Function test without [Plaintiff] present[,]" after which Plaintiff was allowed to go into the examination room with NAJ, and Capusan "pretended that [s]he had not already examined NAJ and subjected NAJ to another examination with [Plaintiff] present, except the Pulmonary Function Test."   FAC ¶¶ 60-63.

Plaintiff cannot plausibly plead specific intent because Plaintiff has not plausibly alleged that Capusan's conduct constituted state action.   "[A] claim under the Due Process Clause for infringement of the right to familial associations requires the allegation that the *state action* was specifically intended to interfere with the family relationship." *Gorman v. Rensseleaer Cnty.*, 910 F.3d 40, 48 (2d Cir. 2018) (emphasis added).   As discussed, Plaintiff does not plausibly allege that Capusan was acting under color of the law and thus, there is no state action to evaluate.

The three cases cited by Plaintiff are distinguishable.   Pl.'s Objections at 3.   Most notably, each case acknowledges that the plaintiffs' constitutional rights were protected from interference by the state. *See Tenenbaum v. Williams,* 193 F.3d 581, 600-01 (2d Cir. 1999) (action against local police officers); *Southerland v. City of N.Y.,* 680 F.3d 127, 142-43 (2d Cir. 2012) (action against state family court); *Duchesne v. Sugarman,* 566 F.2d 817, 825-28 (2d Cir. 1977) (action against city child welfare bureau).

---

interpretation, the Court hereby incorporates by reference the law cited in the R&R regarding the right to intimate association. *See* R&R at 24.

11

Even if Plaintiff plausibly alleged that Capusan was a state actor and acted with specific intent, Plaintiff's claim would still be subject to dismissal for failure to allege shocking and egregious conduct; a point raised in the R&R that Plaintiff does not contest. *See* R&R at 26. The temporary separation, whereafter Plaintiff was permitted to join a second examination of NAJ, is not so shocking, arbitrary, and egregious as to plausibly violate his substantive due process rights. *See, e.g., Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (finding temporary separation of two sisters due to overnight confinement of one at a hospital was not so shocking, arbitrary, and egregious in part because they "were ultimately separated only for a short time.").

Accordingly, the Court adopts the R&R's recommendation to grant the Motion dismissing Plaintiff's fourth cause of action as to Capusan, and overrules Plaintiff's objection.

### B. Hospital Defendants' Objections

Hospital Defendants first object to the R&R's finding that Plaintiff did not abandon his claims because he did not oppose the Motion. Defs.' Objections at Defs' Objections at 4[3]; Defs' Response at 4, 5. Hospital Defendants object to the R&R's recommendation that the Motion seeking dismissal of Plaintiff's *respondeat superior* claim against Hospital Defendants, specifically Northwell Health, be denied because: (1) the "fictitious parties" upon which vicarious liability is premised are not known to have any real relationship with Hospital Defendants, and (2) Plaintiff fails to allege any underlying torts as to the allegedly fictitious parties, so there is no basis to hold Northwell Health vicariously liable such that a claim should remain against it. The Court addresses Hospital Defendants' objection as to abandonment first, followed by their objections as to Northwell Health's vicarious liability.

---

[3] When citing this Defs.' Objections, the Court refers to the pagination contained in the automatically generated ECF header.

### 1. Abandonment

The R&R notes that Plaintiff was given two opportunities to file a written response to Hospital Defendants' Motion, both of which he declined. R&R at 10-11 (citing Dkt. 21 (attaching a letter from Plaintiff);[4] Letter from Plaintiff to the Court at 1 (Oct. 16, 2025), Dkt. 36; Order, dated Oct. 12, 2025). Instead, Plaintiff asserted that he was "not consenting to the [m]otion" and his position remained "that the operative Complaint plausibly alleges violations of [his] rights under Federal and State laws." Letter from Northwell to the Court at 3 (Oct. 24, 2025), Dkt. 21; Letter from Plaintiff to the Court at 1 (Oct. 16, 2025), Dkt. 36. After recognizing that a claim may be deemed abandoned when a plaintiff fails to respond to a defendant's arguments, the R&R recommends evaluating the efficacy of each of the Hospital Defendants' arguments on the premise that Plaintiff is "largely relying on a conclusory reference to the plausibility of his amended complaint." R&R at 11-12.

Hospital Defendants object, arguing that because Plaintiff did not oppose the Motion, the Court should *sua sponte* dismiss his claims as to Karen Doe and Security Guard John Doe. Defs' Objections at 4; Defs' Response at 4, 5. While it is true that "[a] court may, and generally will deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed," *Applewhite v. N.Y.C. Dep't of Educ.,* 21-CV-2928 (AMD) (CLP), 2024 WL 3718675, at *12 (E.D.N.Y. Aug. 8, 2024) (quoting *Sealy v. State Univ. of N.Y. at Stony Brook*, 408 F. Supp. 3d. 218, 225 (E.D.N.Y. 2019)), *aff'd,* 24-2131-CV, 2025 WL 783650 (2d Cir. Mar. 12, 2025), courts' findings of abandonment are often based upon a plaintiff's failure to oppose specific claims raised by the motions to dismiss, *see, e.g., id.* (The *pro se* plaintiffs did not argue that their amended complaint alleged discriminatory intent and therefore waived those arguments.); *Sealy*,

---

[4] When citing this letter, the Court refers to the pagination contained in the automatically generated ECF header.

13

408 F. Supp. at 225 (The *pro se* plaintiff's opposition was limited to opposing dismissal of his hostile work environment and retaliation claims; therefore the court concluded he abandoned his race-based discrimination claim.); *McNair v. Ponte*, 16-CV-1722 (LAP), 2019 WL 1428349, at *21 (S.D.N.Y. Mar. 29, 2019) (The *pro se* plaintiff did not respond to the motion to dismiss and had no contact with the court after the motion to dismiss was filed, thus his claims were deemed abandoned.). Moreover, courts are obligated to construe documents filed by *pro se* litigants liberally. *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be 'liberally construed,' [] and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976))).

Construed liberally, Plaintiff's oppositions to the Motion have responded to the entirety of the Motion, albeit in a perfunctory manner. *See* Letter from Northwell to the Court at 3 (Oct. 24, 2025), Dkt. 21. Moreover, Hospital Defendants acknowledge that they cannot and did not move to dismiss the claims against Karen Doe and Security Guard John Doe for which Plaintiff is seeking to hold Defendant Northwell Health vicariously liable. *See* Defs.' Objections at 3-4. Thus, Plaintiff could not have waived his opportunity to oppose any such argument.

The Court therefore adopts the R&R insofar as it recommends against dismissal of Plaintiff's First Amended Complaint as to Hospital Defendants on the basis of abandonment, *see* R&R at 12, and overrules Hospital Defendants' objection as to abandonment.

### 2. *Respondeat Superior* Claim

As to Plaintiff's fifth cause of action, the R&R recommends that Plaintiff's claim for *respondeat superior* against Northwell Health should proceed as Plaintiff has sufficiently alleged that Karen Doe and Security Guard John Doe's actions fall within the scope of their employment. *Id.* at 26-30. The R&R simultaneously notes that Karen Doe and Security Guard John Doe have

14

made no motion to dismiss at this stage and, in doing so, observes that "Hospital Defendants did not address the torts alleged against Karen Doe or Security Guard John Doe for which Plaintiff is seeking to hold Northwell Health vicariously liable." *Id.* at 28.

Hospital Defendants object to the R&R insofar as it recommends that the Court deny their Motion seeking to dismiss Plaintiff's *respondeat superior* claim. Defs.' Objections at 2. In Plaintiff's *respondeat superior* claim, Plaintiff alleges that "Defendants Karen Doe and [Security Guard John Doe's] employer Northwell Health is vicariously liable for its employees['] grossly negligent and/or intentional acts without cause or justification while in the course of their employment as those acts were committed within the scope of their employment with Defendant Northwell Health[,]" FAC ¶ 104, and that Northwell Health is vicariously liable for its employees' "grossly negligent and/or intentional acts without cause or justification while in the course of their employment as those acts were generally foreseeable, reasonably anticipated and a natural consequence of their employment with Defendant Northwell Health[,]" *id.* ¶ 105. Hospital Defendants contend that this claim should be dismissed or, alternatively, should only remain as to the Northwell Health employees other than Capusan because the R&R has already recommended that the claims against her be dismissed. *Id.* Their objection is two-fold. First, they argue that Karen Doe and Security Guard John Doe are "phantom people," "fictitious parties," and "placeholder names." *Id.* at 3-5. Second, they argue that there is no plausible cause of action aimed at Karen Doe or Security Guard John Doe such that Northwell Health could be held vicariously liable. *Id.* at 4-5. The Court analyzes each objection in turn.[5]

---

[5] Because the Section 1983 and state law claims against Capusan are dismissed, there is no underlying tort upon which to base Northwell Health's vicarious liability for Capusan's alleged actions. However, the Court examines whether Hospital Defendants' motion to dismiss this claim should be granted to the extent that Northwell Health is implicated through vicarious liability by the actions of alleged employees, Karen Doe and Security Guard John Doe.

15

### a. Fictitious Parties

First, Hospital Defendants argue that their counsel did not and could not appear for, let alone move to dismiss Plaintiff's claims on behalf of, Karen Doe or Security Guard John Doe as these Defendants are, at present, "fictitious parties that are not known to have any real relationship with the hospital defendants assuming they exist at all." Defs.' Objections at 3-4. Defendants do not cite any case law supporting this argument. *See generally* Defs.' Objections; Defs.' Response.

While it is true that dismissal of unnamed defendants may be warranted if a plaintiff altogether fails to raise facts or allegations pertaining to the unnamed defendants, *see, e.g.*, *Cerny v. Rayburn,* 972 F. Supp. 2d 308, 316 (E.D.N.Y. 2013) (dismissing *sua sponte* a *pro se* plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) where the amended complaint contained no facts or allegations pertaining to the unnamed defendants other than the inclusion of "John Does 1-20" in the caption.); *Hanks v. City of Syracuse*, 21-CV-921 (GLS) (ATB), 2022 WL 4619877, at *1 n.2 (N.D.N.Y. Sept. 30, 2022) (dismissing *sua sponte* a complaint for failure to state facts or allegations as to the defendants "John Does 1-100" where the plaintiff did not know their true names and capacities, whether individual, corporate, associate, or otherwise), *aff'd*, 22-2819, 2023 WL 8889764, (2d Cir. Dec. 26, 2023), Plaintiff has provided a plausible reason as to why Karen Doe and Security Guard John Doe belong in the case. He alleges that they both have a relationship to Defendant Northwell Health. *See* FAC ¶ 11 ("Defendant KAREN DOE . . . is the Office Manager at the Northwell Health Pulmonary Clinic"), ¶ 12 ("Defendant JOHN DOE SECURITY GUARD . . . is a Security Guard for Northwell Health."). Plaintiff alleges that Karen Doe collaborated with other Defendants to arrest and detain Plaintiff so that he could not be present for NAJ's examination. *See* FAC ¶¶ 25-29, 54-58, 60-63. He also asserts that Security Guard John Doe relayed false information to the defendant police officers in furtherance of the alleged false

16

arrest and detention.  *See id.*  *Sua sponte* dismissal of the claims against for those reasons is improper.

Accordingly, the Court overrules Hospital Defendants' objection to the recommendation against any *sua sponte* ruling as to Karen Doe or Security Guard John Doe.

### b.  Vicarious Liability

Second, Hospital Defendants argue that there is no tort claim against Karen Doe or Security Guard John Doe, such that Northwell Health cannot be held vicariously liable.  Defs.' Objections at 4-5.  They assert that Plaintiff only alleges two facts as to Karen Doe and Security Guard John Doe: that "Defendant Karen Doe informed [Plaintiff] that Northwell Health Security was called and that they would come to provide assistance," FAC ¶ 27, and that "Defendant John Doe [Security Guard] falsely told [Police Officer Defendants] that [Plaintiff] was violating an order of protection and was not allowed in the office," *id.* ¶ 29.[6]  Hospital Defendants contend that these facts do not allege any negligence or intentional act conducted by the two "Doe" employees.  Defs.' Objections at 4, 5.

Under the doctrine of *respondeat superior*,[7] "an employer can be held 'vicariously liable for torts committed by an employee acting within the scope of employment [] so long as the tortious conduct is generally foreseeable and a natural incident of the employment.'"  *Zanfardino*

---

[6] Hospital Defendants incorrectly cite the paragraphs of the First Amended Complaint that they seemingly refer to. Defs.' Objections at 4 (citing FAC ¶¶ 24, 26).  Here, the Court cites to the paragraphs of the First Amended Complaint that contain the allegations Hospital Defendants appear to reference.

[7] *Respondeat superior* liability does not apply to claims brought under Section 1983. *Fisk v. Letterman*, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005); *see also Rojas v. Alexander's Dept. Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees.").  Indeed, the *respondeat superior* claim depends on the Plaintiff establishing a state-law tort claim. *Rizk v. City of New York*, 462 F. Supp. 3d 203, 231 (E.D.N.Y. 2020).  Plaintiff brought a state-law tort claim against Karen Doe and Security Guard John Doe for false arrest.  The Court thus addresses whether there is a cognizable *respondeat superior* claim alleged against Northwell Health on the basis of the state-law false arrest.

*v. City of New York*, 230 F. Supp. 3d 325, 338 (S.D.N.Y. 2017) (quoting *RJC Realty Holding Corp. v. Republic Franklin Ins. Co.*, 808 N.E.2d 1263, 1265-66 (N.Y. 2004)); *see also Doe v. Guthrie Clinic, Ltd.*, 710 F.3d 492, 495 (2d Cir. 2013). "An employee's actions are not within the scope of employment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business." *Sgaliordich v. Lloyd's Asset Mgmt.,* 10-CV-3669 (ERK), 2011 WL 441705, at *4 (E.D.N.Y. Feb. 8, 2011) (quoting *Davis v. City of New York*, 641 N.Y.S.2d 275, 276 (1st Dep't 1996). Courts consider the following factors in determining whether an employee's actions fall within the scope of employment:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Id.* at *3 (quoting *Riviello v. Waldron,* 418 N.Y.S.2d at 303, 391 (1979)). The issue is thus whether Plaintiff's First Amended Complaint plausibly pleads that Karen Doe and Security Guard John Doe's predicate torts were committed within the scope of the employee's duties to the employer and thus in furtherance of Northwell Health's interests. *See Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014). In this instance, their "predicate torts" are Plaintiff's allegations of false arrest and imprisonment under state law.

For the purposes of Northwell Health's alleged vicarious liability only, Plaintiff has plausibly pleaded that Karen Doe and Security Guard John Doe were employed by Northwell Health. Taking Plaintiff's allegations as true, Plaintiff has stated what Northwell Health does, which of its employees are relevant to the claim, and what they do. For instance, Plaintiff has pleaded that Defendant Northwell Health employs Karen Doe as an office manager and Security Guard John Doe as a security guard. *Contrast* FAC ¶¶ 9, 11-12; *see also id.* ¶ 27 ("Northwell

18

Health Security was called") *with Sgaliordich*, 2011 WL 441705, at \*4 (dismissing a *respondeat superior* claim where the plaintiff did not allege sufficient facts concerning the employment relationship between the defendant employer and putative employees and did not allege sufficient factual content concerning the employer's business, operations, or personnel to permit any reasonable inferences about what the employer does, how it does it, whether it has any actual employees, and, if it does, what they do.).

Additionally, the First Amended Complaint plausibly alleges that Karen Doe and Security Guard John Doe's actions were within the scope of their employment. Plaintiff alleges that Karen Doe and Sanders "came to an agreement to call security and the police to enforce the order of protection against [Plaintiff]" and that Karen Doe informed Plaintiff that "Northwell Health Security was called" and was coming to provide assistance. FAC ¶¶ 26-27. It is plausible that an office manager would seek to contact authorities to assist in handling a dispute arising between office visitors and communicate with each visitor individually in light of orders of protection prohibiting contact between them. Plaintiff also alleges that Security Guard John Doe "falsely told [defendant police officers] that [Plaintiff] was violating an order of protection and was not allowed in the office." FAC ¶ 29. Here, too, it is plausible that a security guard addressing a dispute between office visitors would normally communicate the situation to the relevant enforcement authority. For the same reasons, Northwell Health could have reasonably anticipated these acts.[8]

Accordingly, Hospital Defendants' objection is overruled. The R&R's recommendation that Plaintiff's *respondent superior* claim against Northwell Health proceed is adopted.

---

[8] In addition, such fact-intensive analysis signals for this Court that dismissal of the *respondeat superior* claim as to Northwell Health for the alleged state law torts of Karen Doe and Security Guard John Doe is premature at this stage. *See Barua v. Barua*, 14-CV-5107 (MKB), 2015 WL 4925028, at \*6 (E.D.N.Y. Aug. 18, 2015) ("Whether an employee was acting within the scope of his employment is a fact-dependent inquiry typically left [to] the jury."); *see also Rosenfeld v. Lenich*, 370 F. Supp. 3d 335, 351 (E.D.N.Y. 2019).

### C.  Plaintiff's Request for Clarification

Plaintiff asks for clarification as to whether the *respondeat superior* claim as to Karen Doe and Security Guard John Doe survives.  Pl.'s Objections at 3.  He requests that the claims not be dismissed in a manner that prohibits his substitution of Karen Doe and Security Guard John Doe. *Id.*  As discussed herein, Plaintiff's first cause of action remains as to Karen Doe and Security Guard John Doe.  Thus, his *respondeat superior* claim as to Northwell Health remains to the extent that Northwell Health may or may not be found vicariously liable for Karen Doe and Security Guard John Doe's alleged tortious conduct.

### D.  Plaintiff's Request for Leave to Amend

Finally, Plaintiff objects to the R&R's recommendation that his first and fourth causes of action be dismissed without leave to amend.  *See* Plaintiff's Objections at 3, 5; R&R at 30-32.  The Court construes Plaintiff's objection as a motion for leave to amend the First Amended Complaint made under Federal Rule of Civil Procedure 15(d).  Plaintiff attaches the proposed amended complaint to his Objections.  *See* Second Amended Complaint, Dkt. 40-2.

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d).  District courts have "broad discretion in allowing a supplemental pleading." FED. R. CIV. P. 15 advisory committee's note to 1963 amendment.  In exercising this discretion, courts may deny leave to amend or to serve a supplemental pleading based on a showing of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility[.]" *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Lucente v. Int'l Bus.*

20

*Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002), *abrogated on other grounds by Knick v. Twp. of Scott*, 588 U.S. 180 (2019)); *see also IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

As stated above, Plaintiff's first cause of action fails to state a claim because Plaintiff has failed to plausibly plead state action under Section 1983 or procurement under New York law. Therefore, Plaintiff's motion to amend his first cause of action as to Capusan is denied and dismissed with prejudice because amendment would be futile. Similarly, Plaintiff's fourth cause of action against Capusan fails to state a claim because it does not plausibly allege her to be a state actor for the purposes of an alleged violation of right to intimate association. Therefore, Plaintiff's motion to amend his fourth cause of action as to Capusan is denied and dismissed with prejudice because amendment would be futile. As to Plaintiff's fifth cause of action, to the extent that Plaintiff seeks to amend as to Northwell Health's vicarious liability for Capusan, such motion is denied as moot.

**E.  Remainder of R&R Adopted in Full**

Neither party has objected to the R&R's recommendation that Plaintiff's claims for assault and battery, trespass, violation of the right to privacy, and violation of "rights otherwise guaranteed under the Constitution and laws of the State of New York" be dismissed with respect to the Hospital Defendants. R&R at 24. As stated above, the Court therefore reviews this recommendation for clear error. FED. R. CIV. P. 72(b) advisory committee's note to the 1983 amendment; *accord Colvin,* 724 F. App'x at 758. Finding no clear error as to the R&R's recommendation to dismiss Plaintiff's third cause of action, the Court adopts it in full. Hospital Defendants' Motion with respect to Plaintiff's third cause of action is granted, and Plaintiff's third cause of action is dismissed with prejudice. The Court denies Plaintiff leave to amend his third cause of action as

21

amendment would be futile.  The Court has reviewed all other portions of the R&R for clear error and, finding no clear error, adopts them in full.

## CONCLUSION

For the foregoing reasons, Plaintiff's and Hospital Defendants' objections are overruled, and the Court adopts the R&R.  Hospital Defendants' Motion is granted in part and denied in part. The Motion is granted with respect to Plaintiffs' first, third and fourth causes of action against Hospital Defendants.  The Motion is denied with respect to Plaintiff's fifth cause of action against Northwell Health.  All claims against Hospital Defendants are dismissed with prejudice, except Plaintiff's fifth cause of action against Northwell Health.  Plaintiff's objection construed as a motion for leave to amend his claims against Hospital Defendants is denied.

SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

February 6, 2026
Brooklyn, New York

22