**STATUS REPORT**

*Jeanty v. Nassau County, et al., No. 1:24-cv-05062 (OEM)(JAM)*

*September 1, 2026*

*Submitted pursuant to the Court's August 27, 2026 Order*

Judge Marutollo:

The parties (Jeanty and Northwell), respectfully submit this status report pursuant to Your Honor's order dated August 27, 2026.

**A. Conferrals (Order ¶ (b))**

August 31, 2026, 11:10 a.m. – 11:41 a.m. (31 minutes), by Zoom videoconference hosted by counsel for the Northwell Defendants. Participants: Plaintiff (Arverne, New York), Bethany Spiro, Esq. (White Plains, New York), and Mohammad A. Tahir, Esq. (Mineola, New York). Subjects: the issues raised in ECF Nos. 115, 118, and 122; the proposed extension; and the contents of this report. Ms. Spiro circulated a written summary of the conference at 11:44 a.m. that same day.

The parties have had numerous and lengthy prior conferrals, which are catalogued in the chart filed at ECF No. 106-1 and in the parties' prior submissions. In addition to the August 31, 2026 conferral and what is set forth in prior filings, the parties have recently conferred via Zoom conference on July 16, 2026 for approximately 30 minutes, July 30, 2026 for approximately 1 hour and 30 minutes, August 20, 2026 for approximately 20 minutes, and August, 24, 2026 for approximately 45 minutes.

**B. Matters Resolved at the August 31 Conferral**

The following require no ruling. Plaintiff will serve responses to the Northwell Defendants' interrogatories by September 8, 2026. Plaintiff will execute the HIPAA authorization together with Northwell's required form for the subject child's medical records from the Northwell Health Pediatric Pulmonary Clinic, designating in section 9(a) that records be released only from the Division of Pediatric Pulmonary Medicine and Cystic Fibrosis Center. If the release is rejected notwithstanding that designation, the parties will confer again before seeking relief.

**C. Issues Ripe for a Ruling (Order ¶ (a))**

Plaintiff and Nassau County remain at impasse. Each of the following is fully joined, and has been the subject of repeated conferral, and is ripe:

1. Rule 33(b) verification of the County Defendants' interrogatory answers. The County began serving individual verifications on August 10, 2026 and stated it would provide the remainder. Verifications remain outstanding for Defendants Holecek and Viola.

Plaintiff's position is that Fed. R. Civ. P. 33(b)(1)(A), (3), and (5) require each individual defendant to answer separately under oath and to sign, and that objections to Interrogatory Nos. 6, 13, 20, 23, and 24 were untimely and are waived under Rule 33(b)(4).

2. Getac body-worn camera audit-trail records (Document Demand Nos. 1 and 22). The County's position is that it has produced everything in its possession and that its Certificate of Diligent Search resolves the issue. Plaintiff's position is that the Getac EVM audit-trail report is a distinct, system-generated record that NCPD can generate from its own evidence-management system, and that such records are within the County's possession, custody, or control under Rule 34(a)(1). Neither party has moved from these positions.

3. Rule 30(b)(6) designation by Nassau County. Plaintiff served an Amended Notice on August 11, 2026 narrowing every matter for examination and deleting one matter entirely. The County has not designated a witness on any matter, has not proposed alternative language for any matter, and has not moved for a protective order under Rule 26(c).

4. The Maimonides Medical Center records sought by the Northwell Defendants, a demand which was joined by the Nassau County Defendants. Plaintiff's position is that these records are not relevant to the claims or defenses in this action. The Northwell Defendants disagree and it is their position that said records are relevant and necessary to the claims and defenses in this action and continue to demand them. The parties agreed at the August 31 conferral that this issue requires a ruling, and respectfully request that this Honorable Court enter an order regarding the Northwell Defendants' request for a pre-motion conference regarding this issue, with the Northwell Defendants' position stated in Document 118 and Plaintiff's objection stated in Document 120. If required, the parties will file additional papers regarding this issue.

**D. Whether the Extension Moots Any Dispute (Order ¶ (c))**

A discovery extension renders moot the Northwell Defendants' and Plaintiff's dispute regarding the subject child's Northwell Health medical records, as the parties have come to a consensus on this issue and it provides Plaintiff with time to provide the required authorizations. A discovery extension further provides Plaintiff with time to respond to the Northwell Defendants' demand for interrogatories, and provides the Northwell Defendants time to review Plaintiff's responses and determine whether there are any additional outstanding discovery issues based on same that the parties must confer about.

An extension does not render moot the issues ripe for a ruling as outlined in paragraph (C) above. The extension addresses time; these disputes concern position. As to each issue in Section C, the County's response has been that it will not produce what Plaintiff seeks, not that it needs additional time to produce it. Additional weeks on the calendar do not convert a refusal into a production. The Maimonides dispute is likewise a disagreement over relevance that no extension can resolve. Plaintiff respectfully submits that these issues are ripe now and asks that they be resolved on the existing record or at a conference, rather than deferred to further conferral.

**E. The Requested Extension, Change of County Counsel, and Deadline to Take First Step Toward Dispositive Motions**

On September 1, 2026, the Nassau County defendants filed a Notice of Substitution of Counsel, as the prior counsel, Mo Tahir, is leaving the Nassau County Attorney's Office. An extension of the discovery deadline will allow the newly assigned attorney to get caught up on the case and issues.

Finally, the deposition of a second Northwell Health corporate witness (the fifth Northwell Health witness in total) was completed on August 24, 2026. The parties have been informed by the court reporter that we can expect the transcript from said deposition to be completed by September 14, 2026. The current deadline by which the parties must take the first step in dispositive motion practice is September 8, 2026. The parties respectfully request an extension of this deadline past September 14, 2026, so that the parties may consider this corporate witness's testimony and incorporate it into any filing in relation to dispositive motion practice. An extension will also allow the newly assigned Nassau County attorney time to evaluate this matter before deciding whether to take any steps toward dispositive motion practice.

**F. NASSAU COUNTY**

As the Court knows, Nassau County substituted counsel on today's date, September 1, 2026, and newly assigned counsel has not yet had an opportunity to review the file and formulate the County's position on the matters set forth above. Former Counsel for the Nassau County Defendants has advised that the County will file its position separately tomorrow, September 2, 2026. Due to time constraints, and so that today's deadline is not missed, Plaintiff and the Northwell Defendants submit the foregoing now. Nothing in this report is intended to state the position of the Nassau County Defendants, and Plaintiff and the Northwell Defendants do not oppose the County's separate submission.

The parties thank the Court for its time and consideration.

VLADIMIR JEANTY
PO Box 921173
Arverne, NY 11692
(516) 667-9231
vladimirjeanty@gmail.com